SUMMARY ORDER

Petitioner Zhen Lin, a citizen of China, seeks review of a September 22, 2008 order of the Board of Immigration Appeals (“BIA”) affirming Immigration Judge (“IJ”) Philip L. Morace’s October 23, 2007 decision denying Lin’s application for asy *61 lum and withholding of removal. In re Zhen Lin, No. A099 540 049 (B.I.A. Sept. 22, 2008), aff'g No. A099 540 049 (Immig. Ct. N.Y. City Oct. 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard.
We find no error in the agency’s adverse credibility determination. The IJ properly relied on Lin’s failure, in his written materials, to mention either his alleged altercation with family planning officials or the denial of his business license as a result of his family’s violation of the family planning policies. The IJ noted that these omissions were “significant” because they went to the “central portion of his claim.” See Belortaja v. Gonzales, 484 F.3d 619, 626 (2d Cir.2007) (upholding the agency’s adverse credibility determination where it was based on a substantial omissions). Lin argues that his testimony was otherwise consistent. Under the REAL ID Act, however, the omissions identified by the IJ were sufficient to support the IJ’s adverse credibility finding. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
To the extent that Lin argues that he is entitled to asylum on the basis of his resistance to the family planning policy, we need not reach his argument because it is predicated on the same testimony the IJ properly found not credible. Absent that testimony, Lin failed to establish that he was persecuted on the basis of his own resistance to the family planning policies, and his wife’s abortions were not sufficient to establish Lin’s eligibility for asylum. See Shi Liang Lin v. United States Dep’t of Justice, 494 F.3d 296, 308-09 (2d Cir.2007).
Finally, because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, the petitioner was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).